**Brooks F. Cooper, OSB #941772**
Email: brooks@bcooper-law.com
Brooks Cooper, Attorney at Law
520 SW Sixth Avenue, Suite 914
Portland OR 97204
Telephone (971) 645-4433
Facsimile (503) 296-5704
      Of Attorneys for Defendants,
      Smoking Everywhere, Inc. and
      Elico Taieb

FILED'09 SEP 17 15:44USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STATE OF OREGON ex rel. JOHN R. KROGER, Attorney General of Oregon, | Civil Case No. CV'09 - 6262 - TC |
| Plaintiff, | |
| v. | NOTICE OF REMOVAL |
| SMOKING EVERYWHERE, INC., | |
| and | |
| ELICO TAIEB, | |
| Defendants. | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON:

    Defendants Smoking Everywhere, Inc. ("SE") and Elico Taieb ("Taieb") (collectively, "Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. § 1441, file this Notice of Removal of this action from the Circuit Court for Marion County, Oregon.

Page 1 - NOTICE OF REMOVAL

# 29169

As grounds for removal, Defendants state as follows:

1.    <u>State Court Action.</u>  On August 18, 2009, an action was commenced in the Circuit

Court for Marion County, Oregon, entitled <u>State of Oregon, ex rel. John R. Kroger, Attorney</u>

<u>General of Oregon v. Smoking Everywhere, Inc. and Elico Taieb</u>, civil action no. 09C18898.

The action asserts claims for violations of the Oregon Unlawful Trade Practices Act ("UTPA"),

ORS §§ 646.608(1)(e) and 646.607(1), and seeks civil penalties, reasonable attorneys' fees and

costs, and injunctive relief.

2.    <u>Timeliness of Removal.</u>  The Complaint in this action was filed on August 18,

2009.  Both Defendants were served with summonses and copies of the Complaint on August 25,

2009.  Because Defendants' first notice of the Complaint occurred after the Complaint was filed

and this Notice of Removal is being filed within thirty days of the date of filing of the Complaint,

removal is timely under 28 U.S.C. § 1446(b) as being within thirty days of notice.  A copy of the

Complaint is attached hereto as Exhibit A.

3.    <u>Consent of Defendants.</u>  SE and Taieb are the only Defendants named in the

action; both seek to exercise their right under 28 U.S.C. § 1441(b) to remove this action from the

Circuit Court for Marion County, Oregon, to this Court pursuant to this Notice of Removal.

4.    <u>Federal Diversity Jurisdiction.</u>  Removal is proper because, as outlined below, this

Court has diversity jurisdiction over this action under the provisions of 28 U.S.C. § 1332 as the

true and necessary parties' citizenship is diverse and the matter in controversy in this civil action

exceeds the sum or value of $75,000.00, exclusive of interest and costs.

/ / /

/ / /

Page 2 - NOTICE OF REMOVAL

(a)     At the time of the filing of this legal proceeding and at the present time,

Plaintiff was and is a citizen of the State of Oregon, and, in fact, brings this action on behalf of

the State of Oregon.

(b)     At the time of the filing of this legal proceeding and at the present time,

Defendant Smoking Everywhere, Inc. was and is a corporation duly organized and existing under

the laws of the State of Florida and no other state, with its principal place of business in Florida

at 5600 N.W. 102nd Avenue, Suite A, Sunrise, Florida 33351.

(c)     At the time of the filing of this legal proceeding and at the present time,

Defendant Taieb was and is a citizen of the State of Florida residing at 4916 S.W. 162nd Avenue,

Miramar, Florida 33027.

(d)     The amount in controversy exceeds $75,000.00, exclusive of interest and

costs.  The Complaint claims that Defendants have violated the UTPA in no fewer than seven

ways, including by allegedly: (i) misrepresenting that their products do not contain carcinogens

or toxic chemicals; (ii) claiming that their products are safe; (iii) claiming that their products are

safer than traditional cigarettes; (iv) selling cartridges within Oregon that were labeled as not

containing nicotine when the actual nicotine content was unknown; (v) selling or distributing

vitamin electronic cigarette cartridges; (vi) promoting or advertising vitamin electronic cigarette

cartridges; and (vii) targeting minors.  (Complaint at ¶¶ 28-43.)

Additionally, the Complaint asserts that *each time* the Defendants engaged in one of the

aforementioned activities, a new violation occurred for which Plaintiffs are entitled to civil

penalties of up to $25,000.  (Id. at ¶¶ 30 ("*Each time* that Defendants misrepresented . . . is a

separate and distinct violation . . . ." (emphasis added)), 32, 34 ("*Each time* that Defendants

claimed . . . is a separate and distinct violation . . . ." (emphasis added)), 36 ("*Each time* that

Defendants sold . . . is a separate and distinct violation . . . ." (emphasis added)), 40 ("*Each time*

that Defendants promoted or advertised . . . was a separate and distinct violation . . . ." (emphasis

added)), 44 (seeking civil penalties of "up to $25,000 for *each* willful violation" (emphasis

added)).

In determining whether the minimum "amount in controversy" requirement is met, all of

the claims of a single Plaintiff can be aggregated to reach the threshold amount.  See, e.g.,

Budget Rent-A-Car, Inc. v. Higashiguchi, 109 F.3d 1471, 1474 (9th Cir. 1997) ("A declaratory

judgment plaintiff may reach the jurisdictional amount by aggregating its multiple claims against

a single defendant."); Hunter v. United Van Lines, 746 F.2d 635, 650 (9th Cir. 1984) ("Thus, a

single plaintiff may aggregate as many claims as he has against a single diverse defendant in

order to meet the jurisdictional amount, even if no single claim reaches that amount.").  Even if

Plaintiffs were to claim that Defendants had violated the UTPA in each of the seven ways

mentioned on only one occasion, Plaintiff would still be seeking civil penalties of up to

$175,000.  In actuality, as indicated above, Plaintiff claims that Defendants committed *numerous*

"separate and distinct" instances of each type of violations for which they are liable for civil

penalties; accordingly, the actual amount of potential civil penalties at issue must exceed even

this amount.

Finally, the Complaint also requests reasonable attorney's fees pursuant to ORS §

646.632(8) and Oregon Rule of Civil Procedure 68.  (Complaint at ¶ 44)  Such an award of

attorney's fees must also be included in computing the amount in controversy for purposes of

subject matter jurisdiction, see Goldberg v. CPC Int'l, 678 F.2d 1365, 1367 (9th Cir. 1982)

(holding that "attorney's fees can be taken into account in determining the amount in controversy

if a statute authorizes fees to a successful litigant"), quoted in Galt G/S v. JSS Scandinavia, 142

F.3d 1150, 1156 (9th Cir. 1998).

     5.    <u>Jury Demand.</u>  Plaintiff did not request a jury in the state court action.

     WHEREFORE, Defendants Smoking Everywhere, Inc. and Elico Taieb respectfully

request that this Court assume jurisdiction of this case and issue such further orders as may be

necessary and appropriate.

     Dated September 17, 2009.

                    Respectfully submitted,

                    Brooks F. Cooper, OSB #941772
                    520 SW Sixth Avenue, Suite 914
                    Portland OR 97204
                    Telephone (971) 645-4433
                    Facsimile (503) 296-5704

                    Of Attorneys for Defendants,
                    Smoking Everywhere, Inc. and
                    Elico Taieb

# EXHIBIT A

STATE OF OREGON
Marion County Circuit Courts

AUG 18 2009

**ENTERED**

STATE OF OREGON
Marion County Circuit Courts

AUG 18 2009

**FILED**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| STATE OF OREGON ex rel. JOHN R. KROGER, Attorney General of Oregon, <br><br> Plaintiff, <br><br> v. <br><br> SMOKING EVERYWHERE, INC. and ELICO TAIEB, an individual, <br><br> Defendants. | Case No. 09C18898 <br><br> COMPLAINT ALLEGING VIOLATIONS OF THE UNLAWFUL TRADE PRACTICES ACT (ORS 646.605 TO 646.656) <br><br> CLAIM NOT SUBJECT TO MANDATORY ARBITRATION |

Plaintiff, State of Oregon, (State) alleges claims for relief based upon violation of

Oregon's Unlawful Trade Practices Act (UTPA), ORS 646.605 to 646.656. The State alleges

that at all times material herein:

**ALLEGATIONS COMMON TO ALL CLAIMS**

1.

JOHN R. KROGER is the Attorney General for the State of Oregon and sues in his

official capacity pursuant to ORS 646.632.

2.

Defendant Smoking Everywhere, Inc. is a Florida corporation. Defendant Elico Taieb is

Smoking Everywhere, Inc.'s President and CEO. On information and belief, Defendant Taieb

controls all aspects of Smoking Everywhere, Inc.'s business. Defendant Taieb and Defendant

Smoking Everywhere, Inc. henceforth shall be referred to collectively as Defendants.

///

///

///

Page 1 -  COMPLAINT - JUSTICE-#1571561

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 934-4400 / Fax: (503) 378-5017

3.

Defendants' business consists of importing electronic nicotine delivery devices (hereinafter "electronic cigarettes") from China and promoting, distributing, and selling those devices throughout the United States, including Oregon.

4.

The Circuit Court for the State of Oregon has personal jurisdiction over Defendants pursuant to ORCP 4A. Defendants engaged in substantial activities within the State by operating a business that provides services that are primarily for personal, family, and household use. All transactions took place in the course of Defendants' business.

5.

Defendants were given the Notice required by ORS 646.632(2) and failed to submit to the Attorney General an acceptable Assurance of Voluntary Compliance

6.

The State was not required to give Defendants the Notice required by ORS 646.632(2) because Defendants' deceptive sale and promotion of electronic cigarettes causes immediate harm to public health, safety, and welfare.

7

Defendants' conduct, as described in this Complaint, was willful within the meaning of ORS 646 605(10).

**BACKGROUND**

8

Defendants sold electronic cigarettes for distribution in Oregon. After the State initiated an investigation of Defendants' sales practices, Defendants suspended sales in Oregon.

///

///

///

Page 2 -    COMPLAINT - JUSTICE-#1571561

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 934-4400 / Fax: (503) 378-5017

9.

1

2     Electronic cigarettes are nicotine delivery devices constructed to mimic the look and

3     experience of smoking a traditional cigarette. Defendants' electronic cigarettes contain a

4     battery-operated, heating element and a replaceable plastic cartridge that contains various

5     chemicals, including liquid nicotine. The heating element vaporizes the liquid, which is inhaled

6     by the user.

7

10

8     As a general rule, nicotine delivery devices other than traditional cigarettes, cigars, and

9     chewing tobacco, such as smoking cessation devices, are considered drugs that must be pre-

10    approved by FDA before they lawfully can be distributed for sale in the United States. Prior to

11    approval, FDA requires product manufacturers to submit competent and reliable scientific

12    evidence that demonstrates that a product is safe and effective for its intended use.

13

11.

14    Defendants did not submit their electronic cigarettes to FDA for pre-approval because

15    Defendants believed that they found a regulatory loophole that allowed them to sell electronic

16    cigarettes without FDA approval, as long as the devices were not sold as smoking cessation

17    devices.

18

12.

19    Defendants' electronic cigarettes are currently not approved by FDA for any purpose.

20

13

21    FDA has rejected Defendants' interpretation of the relevant regulatory law, and when

22    Defendants tried to import electronic cigarettes from China, FDA had the shipments seized and

23    detained. Defendants then sued FDA in the United States District Court for the District of

24    Columbia. During that litigation, Defendants have continued to market and sell electronic

25    cigarettes throughout the United States and in Oregon.

26    ///

Page 3 -   COMPLAINT - JUSTICE-#1571561

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 934-4400 / Fax: (503) 378-5017

## DEFENDANTS' PROMOTION OF ELECTRONIC CIGARETTES

14.

When promoting electronic cigarettes nationally and in Oregon, Defendants have made express claims that electronic cigarettes are safer than traditional cigarettes. When making those safety claims, Defendants implicitly represented that they possessed competent and reliable scientific evidence to substantiate them. In fact, Defendants did not possess such evidence because such evidence does not exist.

15.

When promoting electronic cigarettes nationally and in Oregon, Defendants have made implied claims that electronic cigarettes are safe in general. When making those safety claims, Defendants implicitly represented that they possessed competent and reliable scientific evidence to substantiate them. In fact, Defendants did not possess such evidence because such evidence does not exist.

16.

When promoting electronic cigarettes nationally and in Oregon, Defendants have claimed that their electronic cigarettes contain "no harmful carcinogenic ingredients" and are "free of tar & other chemical substances[,] which [are] produced in traditional cigarettes." In fact, laboratory testing conducted by FDA of Defendants' electronic cigarettes found tobacco-specific nitrosamines that are known carcinogens in humans. FDA testing also detected tobacco-specific impurities that are suspected of being harmful to humans. Diethylene glycol, an ingredient used in antifreeze and known to be highly toxic to humans, also was detected

17.

Defendants sell electronic cigarette cartridges that contain various amounts of nicotine, including cartridges labeled as containing no nicotine. However, FDA testing found that some of the cartridges labeled as containing no nicotine, in fact, contained detectable levels of nicotine.

///

Page 4 -   COMPLAINT - JUSTICE-#1571561

1                                            18

2          Defendants' product labeling for its products initially failed to disclose the danger

3   associated with nicotine use.  Although Defendants' later promotional materials indicate that

4   electronic cigarettes are "not intended for pregnant women or those sensitive to nicotine" and

5   that "nicotine is highly addictive and may be dangerous to your health," those statements fail to

6   adequately disclose the dangers presented by Defendants' electronic cigarettes, because they do

7   not clearly and conspicuously disclose that nicotine can cause dangerous increases in heart rate

8   and blood pressure and should not be used by individuals with hypertension or heart disease.

9                                            19.

10         Defendants promote and sell electronic cigarette cartridges that are labeled as "dietary

11  supplements." (See Exhibit 1). Those cartridges are prominently labeled as "Vitamin" and come

12  in various flavors, including banana, blueberry, bubblegum, grape, "cookies n' cream,"

13  "chocolate chip cookies," cola, "energy drink," and "ginseng energy." Those cartridges also are

14  prominently labeled in a manner that indicates that they contain vitamin B, vitamin D, vitamin C,

15  and multivitamins (hereinafter collectively referred to as "vitamin electronic cigarette

16  cartridges")

17                                           20.

18         The contents of vitamin electronic cigarette cartridges are not dietary supplements

19  because they are not eaten or otherwise delivered into the gastrointestinal system; rather, users

20  inhale them as a vapor into the lungs.

21                                           21

22         When Defendants promote vitamin electronic cigarette cartridges, Defendants implicitly

23  represent that a user will absorb the advertised vitamin into his or her body in meaningful

24  quantities.

25  ///

26  ///

Page 5 -   COMPLAINT - JUSTICE-#1571561

22.

When Defendants promote vitamin electronic cigarettes, Defendants implicitly represent that they have competent and reliable scientific evidence to substantiate their claim that a user will absorb the advertised vitamin into his or her body in meaningful quantities.

23.

No competent and reliable evidence exists to substantiate the claim that an electronic cigarette user will absorb the advertised vitamin into his or her body in meaningful quantities. On information and belief, vitamins cannot be delivered effectively into the human body using an electronic cigarette as a delivery device.

24.

Defendants' promotional efforts target adolescents and youths who are likely not already addicted to nicotine. Although Defendants' advertisements claim that their products are "intended for use by adult smokers," their advertisements are in fact designed to attract young people. For example, Defendants use young women who look like teenagers as models in their advertisements. (See Exhibit 2)

25.

Defendants' electronic cigarettes come in flavors such as bubblegum, chocolate, fruit punch, "chocolate chips cookies," "energy drink," and "cookies n' cream." Such flavors are known to appeal to young people; electronic cigarettes with these flavors are more likely to be used by first time smokers and are less likely to be attractive to traditional cigarette smokers.

26.

Defendants knowingly and unconscionably targeted "kids." Defendants staged a promotional event on the Howard Stern radio show – a show known for its adolescent humor – and posted a recording of the event on Defendants' Internet website. Among other things, the recording told listeners: "for kids out there, you still look cool 'cause, like, it still looks like a cigarette..."

Page 6 -    COMPLAINT - JUSTICE-#1571561

1    27.

2    As a result of Defendants' unconscionable promotion of electronic cigarettes to young

3    people, Defendants' product likely will function as a gateway to tobacco abuse and nicotine

4    addiction in young people.

5    **CLAIMS FOR RELIEF**
     **UNLAWFUL TRADE PRACTICES**
6    **FIRST CLAIM FOR RELIEF**
     **ORS 646.608(1)(e)**
7

8    28.

9    The UIPA prohibits a person acting in the course of the person's business, vocation, or

10   occupation from representing that goods have sponsorship, approval, characteristics, ingredients,

11   uses, benefits, quantities, or qualities that they do not have or that a person has a sponsorship,

12   approval, status, qualification, affiliation, or connection that the person does not have. ORS

13   646.608(1)(e). Under the UIPA, a "person" includes natural persons and corporations. ORS

14   646.605(4).

15

16   **COUNT I**

17   29.

18   The State realleges and incorporates each and every allegation contained in the preceding

19   paragraphs 1 through 27.

20   30.

21   Defendants violated ORS 646.608(1)(e) by misrepresenting that their electronic cigarettes

22   do not contain carcinogens or toxic chemicals when in fact, some of the electronic cigarette

23   nicotine cartridges sold by Defendants contain such chemicals. Each time that Defendants

24   misrepresented that their products do not contain carcinogens or toxic chemicals is a separate and

25   distinct violation of ORS 646.608(1)(e).

26   ///

Page 7 -   COMPLAINT - JUSTICE-#1571561

1                                  **COUNT II**

2                                      31.

3       The State realleges and incorporates each and every allegation contained in the preceding

4 paragraphs 1 through 27.

5                                      32.

6       Defendants violated ORS 646.608(1)(e) by misrepresenting that their electronic cigarettes

7 are safe when in fact, the safety of these products is unknown. Each time that Defendants

8 claimed that their electronic cigarettes are safe is a separate and distinct violation of ORS

9 646.608(1)(e).

10                                  **COUNT III**

11                                    33

12       The State realleges and incorporates each and every allegation contained in the preceding

13 paragraphs 1 through 27

14                                    34

15       Defendants violated ORS 646.608(1)(e) by misrepresenting that their electronic cigarettes

16 are safer than traditional cigarettes when in fact, the relative safety of electronic cigarettes, when

17 compared with traditional cigarettes, is unknown. Each time that Defendants claimed that their

18 electronic cigarettes are safer that traditional cigarettes is a separate and distinct violation of ORS

19 646 608(1)(e).

20                                  **COUNT IV**

21                                    35.

22       The State realleges and incorporates each and every allegation contained in the preceding

23 paragraphs 1 through 27.

24                                    36

25       Defendants violated ORS 646 608(1)(e) by misrepresenting that nicotine cartridges that

26 were labeled "no nicotine" did not contain nicotine when, in fact, some of the cartridges labeled

Page 8 -  COMPLAINT - JUSTICE-#1571561

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 934-4400 / Fax: (503) 378-5017

1    as containing "no nicotine" actually contained detectable levels of nicotine. Each time that

2    Defendants sold a cartridge distributed in Oregon that was labeled as not containing nicotine, and

3    the actual nicotine content was unknown, is a separate and distinct violation of ORS

4    646.608(1)(e).

5    <strong>COUNT V</strong>

6    37.

7        The State realleges and incorporates each and every allegation contained in the preceding

8    paragraphs 1 through 27.

9    38.

10       Defendants violated ORS 646.608(1)(e) by misrepresenting that vitamin electronic

11    cigarette cartridges are dietary supplements. Each time that Defendants' vitamin electronic

12    cigarette cartridges were sold or distributed in Oregon was a separate and distinct violation of

13    ORS 646.608(1)(e)

14    <strong>COUNT VI</strong>

15    39.

16       The State realleges and incorporates each and every allegation contained in the preceding

17    paragraphs 1 through 27.

18    40.

19       Defendants violated ORS 646.608(1)(e) by misrepresenting that the vitamins in vitamin

20    electronic cigarette cartridges can be absorbed by "smoking" them with an electronic cigarette.

21    Each time that Defendants promoted or advertised vitamin electronic cigarette cartridges in

22    Oregon was a separate and distinct violation of ORS 646.608(1)(e).

23    ///

24    ///

25    ///

26    ///

Page 9 -   COMPLAINT - JUSTICE-#1571561

Department of Justice<br>1162 Court Street NE<br>Salem, OR 97301-4096<br>(503) 934-4400 / Fax: (503) 378-5017

## SECOND CLAIM FOR RELIEF
### ORS 646.607(1)

41.

The UTPA prohibits a person acting in the course of the person's business, vocation, or occupation from employing unconscionable tactics in connection with the sale of goods ORS 646.607(1). Under the UTPA, a "person" includes natural persons and corporations. ORS 646.605(4).

## COUNT I

42.

The State realleges and incorporates each and every allegation contained in the preceding paragraphs 1 through 27.

43.

Defendants employed unconscionable sales tactics and violated ORS 646.607(1) by targeting minors in the course of promoting their electronic cigarettes.

## PRAYER FOR RELIEF

44.

WHEREFORE, plaintiff prays for relief as follows:

1) For judgment against Defendants for civil penalties of up to $25,000 for each willful violation of the Unlawful Trade Practices Act ORS 646.605 et seq.;

2) For judgment against Defendants for reasonable attorney fees and costs pursuant to ORS 646.632(8) and ORCP 68;

///

///

///

///

///

Page 10 - COMPLAINT - JUSTICE-#1571561

3) For judgment awarding the following injunctive relief pursuant to ORS 646.632:

    a) Require Defendants to refund the full purchase price for all electronic cigarettes sold directly, or indirectly, by Defendants in Oregon;

    b) Require Defendants to comply with all applicable law regulating the sale of tobacco products and/or nicotine delivery devices;

    c) Prohibit Defendants from selling electronic cigarettes in Oregon, and require Defendants to take all reasonable and necessary steps to stop their distributors and retailers from selling their electronic cigarettes in Oregon until and unless:

        i) Defendants' electronic cigarettes are approved as a drug or device by the FDA;

        ii) FDA determines that it will not exercise jurisdiction over Defendants' electronic cigarettes as a drug or medical device;

        iii) a court of competent jurisdiction determines that FDA is enjoined from detaining Defendants' electronic cigarettes or that FDA lacks jurisdiction to take administrative action against Defendants' electronic cigarettes pursuant to its statutory authority over drugs and/or medical devices, and the court's ruling is not stayed; or

        iv) FDA issues a notice or takes other action identifying its intention to regulate electronic cigarettes as "tobacco products," as that term is defined in the Family Smoking Prevention and Tobacco Control Act (Tobacco Control Act), Public Law No 111-31, H.R. 1256, 111th Cong. (2009) and FDA takes no further action to prohibit the sale of electronic cigarettes.

    d) If any of the events described in paragraph 44(c)(i-iv) above occur and Defendants resume sales in Oregon, prohibit Defendants, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of their products, from making any express or implied representation

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 934-4400 / Fax: (503) 378-5017

1    concerning their products' efficacy, performance, safety or benefits, unless, at the

2    time that the representation is made, Defendants possess and rely upon competent

3    and reliable scientific evidence that substantiates that representation;

4    e)    Permanently restrain and enjoin Defendants, individually or in any business or

5    corporate capacity, from making any express or implied statements in the offer or

6    sale of their products that have the capacity, tendency, or effect of deceiving or

7    misleading consumers, or that fail to state any material fact, the omission of

8    which deceives or tends to deceive;

9    f)    Permanently restrain and enjoin Defendants, individually or in any business or

10    corporate capacity, from promoting, marketing, or advertising electronic

11    cigarettes in any way that directly or indirectly targets minors.  Conduct

12    prohibited under this section includes, but is not limited to, using images that

13    depict persons who reasonably appear to be under 26 years old and/or graphics

14    likely to appeal to children; offering flavors that likely will appeal to minors, such

15    as fruit, herb, spice, coffee, cookie, candy, or cola flavors; and placing

16    advertisements and promotional materials in locations likely to been seen by

17    minors;

18    g)    Permanently restrain and enjoin Defendants, individually or in any business or

19    corporate capacity, from promoting, marketing, or advertising electronic

20    cigarettes in any way that directly or indirectly indicates that they are dietary

21    supplements

22    4)    For a judgment that all injunctions herein shall apply to Defendants individually and

23    through any present or future corporation or other organization or entity whose acts,

24    practices, or policies are directed, formulated, or controlled by either defendant or in

25    which Defendants are a principal or own any interest; to Defendants' successors and

26    assigns, agents, representatives and employees; directly or through any affiliate,

Page 12 -  COMPLAINT - JUSTICE-#1571561

1    corporation, subsidiary, division or other related entity consumer; and,

2    5) For a judgment granting any other or further remedial relief that the Court deems

3    appropriate pursuant to ORS 646.636.

4    Dated ___August 17___, 2009.

5                                          Respectfully submitted,

6                                          JOHN R. KROGER
                                           Attorney General
7

8                                          David A. Hart, OSB No. 00275
9                                          Senior Assistant Attorney General
                                           Of Attorneys for Plaintiffs
10                                         1162 Court Street, N.E.
                                           Salem, OR. 97301-4096
11                                         Phone: (503) 947-4333
                                           Fax:    (503) 378-5017
12                                         Email: david.hart@state.or.us

13                                         Merrill A. Maiano, OSB No. 082370
                                           Assistant Attorney General
14                                         Of Attorneys for Plaintiffs
                                           1162 Court Street, N.E.
15·                                        Salem, OR. 97301-4096
                                           Phone: (503) 947-4400
16                                         Fax:    (503) 378-5017
                                           Email: merrill.a.maiano@state.or.us
17

18

19

20

21

22

23

24

25

26

Page 13 - COMPLAINT - JUSTICE-#1571561

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 934-4400 / Fax: (503) 378-5017



   

Become an Affiliate | Contact Us

HOME | ABOUT OUR PRODUCTS | PRODUCTS | BENEFITS | OUR COMPANY | OPPORTUNITY | FAQ'S | HOW TO BUY?

## Smoking Everywhere E-Cigarette Vitamin Cartridge:

**The cartridges come in a pack of 5 and are available in four strengths:**
High (16mg Nicotine)
Medium (11mg Nicotine)
Low (6mg Nicotine) and
Non (0mg Nicotine)

Each cartridge is equivalent to aprox 20 traditional cigarettes (100-200 puffs).

The taste of the Smoking Everywhere cartridge resembles that of tobacco.

**Smoking Everywhere Cartridges comes in the following flavors:**
Tobacco flavor (just like real cigarette)
Apple
Cherry
Strawberry
Chocolate
Vanilla
Coffee
Mint



  

Exhibit ___1___
Page _1 of 2_



Exhibit ___1___
Page _2 of 2_

Electronic Cigarettes comes in different flavors




**Leave A Message**
✉
Live Help Offline

 Click to Call

 BUY NOW!

Become an Affiliate | **Contact Us**

| HOME | ABOUT OUR PRODUCTS | PRODUCTS | BENEFITS | OUR COMPANY | OPPORTUNITY | FAQ'S | HOW TO BUY? |

## Smoking Everywhere E-Cigarette comes in different flavors:

The Smoking Everywhere E-Cigarette cartridges come in various nicotine flavors including"

- Tobacco (designed to taste like real cigarette)
- Apple
- Cherry
- Strawberry
- Chocolate
- Coffee
- Vanilla
- Mint



The Smoking Everywhere E-Cigarette cartridges also come in various strengths of nicotine, such as:

- High (16mg nicotine)
- Medium (11mg nicotine)
- Low (6mg nicotine)
- Non (0mg nicotine).

The Smoking Everywhere E-Cigarette is intended only for adult smokers (at least 18). Keep out of the reach of children.

Home | Privacy | Terms of Use | Testimonials | Contact Us

| **products** | **Alternative Option** | **about us** | **opportunity** | **faqs** |
|---|---|---|---|---|
| Electronic Cigarette Kit | Eco Friendly | our company | Become a Distributor | What is it? |
| Cartridges | Non Flammable | In The News | International Distributor | How Does It Work? |
| Electronic Pipe Kit | Can Be Smoked almost | Join our MySpace | Work From Home | How to use the E-Cig? |
| Cartridges Pipe | Everywhere | Sawgrass Mills Mall | Affiliate Login | Testimonials |
| Cartridges Classic | Cool Design | ABC News | | Downloads |
| Car Charger | Different Flavors | Breaking News | | |
| Metal Case | Rechargeable | | | |
| Warranty | Cheaper Than Cigarette | | | |
| | A tar-free option | | | |
| | Downloads | | | |

Exhibit 2
Page 1 of 3

8/14/2009

Smoking Everywhere E-Cig Is a Much Healthier Option than Traditional Cigarette                Page 1 of 2

    

Become an Affiliate |Contact Us

| HOME | ABOUT OUR PRODUCTS | PRODUCTS | BENEFITS | OUR COMPANY | OPPORTUNITY | FAQ'S | HOW TO BUY? |

## Smoking Everywhere E-Cig offers smokers a tar-free way to enjoy smoking:

Smoking Everywhere E-Cigarette has no tobacco, no tar, no real smoke and no other chemicals like traditional cigarettes that are known to cause lung cancer. However, it looks like a real cigarette, feels like a real cigarette and tastes like a real cigarette, yet it isn't a real cigarette . It also may be cheaper and offers smokers a tar-free way to enjoy smoking!!!



Home  |  Privacy  |  Terms of Use  |  Testimonials  |  Contact Us

### products

Electronic Cigarette Kit
Cartridges
Electronic Pipe Kit
Cartridges Pipe
Cartridges Classic
Car Charger
Metal Case
Warranty

### Alternative Option

Eco Friendly
Non Flammable
Can Be Smoked almost Everywhere
Cool Design
Different Flavors
Rechargeable
Cheaper Than Cigarette
A tar-free option
Downloads

### about us

our company
In The News
Join our MySpace
Sawgrass Mills Mall
ABC News
Breaking News

### opportunity

Become a Distributor
International Distributor
Work From Home
Affiliate Login

### faqs

What is It?
How Does it Work?
How to use the E-Cig?
Testimonials
Downloads

Exhibit  2
Page  2 of 3

Copyright © 2008-2009 Smoking Everywhere, Inc. All rights reserved.
Patent Pending #12/386,185

Smoking Everywhere Electric Cigarette is Non-Flammable     Page 1 of 1

    

Become an Affiliate |**Contact Us**

| HOME | ABOUT OUR PRODUCTS | PRODUCTS | BENEFITS | OUR COMPANY | OPPORTUNITY | FAQ'S | HOW TO BUY? |

## Smoking Everywhere Electric Cigarette is Non-Flammable:

The Smoking Everywhere Electric Cigarette is a completely non-flammable electronic device. There is no danger of fire from ordinary usage (It does contain a lithium battery which carries certain explosion risks if ignited), anything burning and no substance in it lit  Smoking Everywhere Electric Cigarette is CE & Rohs certified.



Home | Privacy | Terms of Use | Testimonials | Contact Us

**products**

Electronic Cigarette Kit
Cartridges
Electronic Pipe Kit
Cartridges Pipe
Cartridges Classic
Car Charger
Metal Case
Warranty

**Alternative Option**

Eco Friendly
Non Flammable
Can Be Smoked almost Everywhere
Cool Design
Different Flavors
Rechargeable
Cheaper Than Cigarette
A tar-free option
Downloads

**about us**

our company
In The News
Join our MySpace
Sawgrass Mills Mall
ABC News
Breaking News

**opportunity**

Become a Distributor
International Distributor
Work From Home
Affiliate Login

**faqs**

What is it?
How Does it Work?
How to use the E-Cig?
Testimonials
Downloads

Copyright © 2008-2009 Smoking Everywhere, Inc. All rights reserved.
Patent Pending #12/386,185



Smoking Everywhere E-Cigarette is intended for use by adult smokers and not intended for pregnant women or those who are sensitive to nicotine. Nicotine is highly addictive and may be dangerous to your health. Smoking Everywhere E Cigarette is not intended as a smoking cessation device  Smoking Everywhere ECig offers smokers a tar-free way to enjoy smoking.

**SURGEON GENERAL'S WARNING:**
Smoking Causes Lung Cancer, Heart Disease, Emphysema, And May Complicate Pregnancy.

Exhibit 2
Page 3 of 3

http://www.smokingeverywhere.com/nonflammable.php                    8/14/2009